## FLORIDA FRUIT & PRODUCE, Inc., et al., v. UNITED STATES.

### No. 9497.

Circuit Court of Appeals, Fifth Circuit.

Feb. 13, 1941.

Rehearing Denied March 8, 1941.

See, also, 32 F.Supp. 65.

Emmet Safay and Edward S. Hemphill, both of Jacksonville, Fla., for appellants.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Wm. A. Paisley, Asst. U. S. Atty. of Jacksonville, Fla., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants, charged by indictment with, were convicted of having violated the Fair Labor Standards Act of 1938,[1] and sentenced jointly to pay a fine of $1500. Their appeal, except for a claim of error in the admission of evidence,[2] is based entirely on an attack on the statute on claimed constitutional grounds. There is no attack upon the evidence as insufficient to support the verdict, none upon the charge. Their constitutional position as appellants state it in detail, is that the Act, in violation of the Fifth Amendment, deprives them of due process of law in that: (1) It does not afford an opportunity to be heard as to whether the violations of the Act by appellants actually burden and obstruct commerce and the free flow of goods in commerce; (2) Section 13 of the Act[3] discriminates against appellants by exempting certain employees from its terms and particularly those employed within the area of production in handling, packing, storing, or preparing agricultural commodities for market; while it subjects appellants' employees to its terms, though appellants are engaged in the wholesale fruit and produce business; (3) the Act is vague, indefinite and uncertain. As they state it in summary, they say: "The Fair Labor Standards Act of 1938 is unconstitutional in all of the aspects urged by the appellants; yet without prejudice to any one of these grounds for reversal, we can unhesitatingly say that one particular constitutional defect is the chief vice of the Act. That vice is the lack of opportunity for an accused person to be heard on the question

---

[1] 29 U.S.C.A. § 201, et seq.

[2] Admitting a license and the corporate defendant's application therefor, under the Perishable Agricultural Commodity Act. 7 U.S.C.A. §§ 499-a, to 499-r.

[3] Sec. 213, 29 U.S.C.A.

of the effect upon interstate or foreign commerce of alleged conditions in his place of business."

If we understand appellants' point, that the Act deprives them of due process by not affording them an opportunity to be heard as to whether their activities burden and obstruct commerce and the free flow of goods in commerce, leaving for inquiry in each case only whether defendant is within the scope of the Act, engaged in interstate commerce, and whether it has committed the forbidden practices, it is, that to be constitutional, the Act must also make provision for a determination in each case as to whether the violation of the Act charged does, in fact, injuriously burden commerce.

No case is cited nor indeed could be, in support of this view, that it is not the defendant but the Act as it applies to defendant that is to be tried, nor is nor could there be any plausible reason advanced for its adoption. It amounts in effect to saying that Congress may not, under the commerce clause, declare abuses, and enact laws to prohibit their continuance, bringing generally under it all persons coming within the prohibitions thus declared.

Appellants are no doubt confusing in thought and statement, their claimed but non-existent right to show that violations of the Act in their particular case do not in fact lead or contribute to the abuses the Act was aimed at, with their undoubted right to attack the declaration of public policy and the recitals and findings on which the Act is based as false and fictitious, by showing that no state of facts, either known or which could reasonably be assumed, affords support to the Act, that is, by a showing that the Act is purely arbitrary. United States v. Carolene Products Co., 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234; Wolff Packing Co. v. Court of Industrial Relations, 267 U.S. 552, 45 S.Ct. 441, 69 L.Ed. 785; Publix Cleaners v. Dry Cleaning and Laundry Board, D.C., 32 F.Supp. 31. But on this they offer no evidence whatever. What they are trying to do here, substitute the jury's ideas of public policy in their case, for those of the Congress, by trying the Act in question to the jury rather than whether defendants have violated the Act, is incompatible with the theory of legislative power. It has never been permitted, it has been over and over again denied. The decision as to whether or not low wages and long hours injuriously affect interstate commerce and therefore should be prohibited is primarily for Congress.

The decision of a court or a jury arrived at by hearing and weighing evidence as to whether low wages and long hours in a particular case on trial create or conduce to the evil aimed at, injurious effects upon interstate commerce, cannot be substituted for the express view of Congress that such practices in or affecting interstate commerce do affect it injuriously and should be prohibited.

Appellants' second and third constitutional points are no better taken. The second, that the statute discriminates against them because of the exemptions it affords, is decided against them in the Carolene Products Case. "The Fifth Amendment has no equal protection clause and even that of the Fourteenth, applicable only to the states, does not compel their Legislatures to prohibit all like evils, or none. A Legislature may hit at an abuse which it has found, even though it has failed to strike at another." United States v. Carolene Products, 304 U.S. 144, 151, 58 S.Ct. 778, 783, 82 L.Ed. 1234. Cf. Tigner v. Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124, 130 A.L.R. 1321. Their third point, that the Act is too indefinite and vague was specifically decided against them in United States v. F. W. Darby Lumber Company, 61 S.Ct. 451, 85 L.Ed. ——, and Opp Cotton Mills v. Administrator, 61 S.Ct. 524, 85 L.Ed. ——, February 3, 1941.

Appellants' remaining point on the evidence must be disposed of against them on the ground that though the evidence came in without qualification, the court in a charge to the jury, to which no exception was taken, made it entirely clear that it was limited in its effect and should be considered by the jury only upon the issue of willfulness, that is, of whether if defendant violated the Act, the violation was willful, and on this issue it was clearly admissible.

The judgment is affirmed.

Affirmed.