## LOWELL SUN CO. v. FLEMING, Administrator, Wage and Hour Division.

### No. 3654.

Circuit Court of Appeals, First Circuit.
June 6, 1941.

214

Elisha Hanson, of Washington, D. C. (William R. Cook, of Boston, Mass., Frank Goldman, of Lowell, Mass., Johnson, Clapp, Ives & Knight, of Boston, Mass., and William K. Van Allen and Harold L. Cross, Jr., both of Washington, D. C., on the brief), for appellant.

Vernon C. Stoneman, of Washington, D. C. (Gerard D. Reilly, Irving J. Levy, Robert S. Erdahl, and David Persinger, all of Washington, D. C., on the brief), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and SWEENEY, District Judge.

WOODBURY, Circuit Judge.

This appeal is from an order of the District Court requiring the appearance of the appellant before the Acting Regional Director of the Wage and Hour Division of the United States Department of Labor, or some other authorized representative of the Administrator of that Division, according to the terms of a certain subpoena duces tecum.

Jurisdiction to determine this appeal is conferred upon this court by § 128 of the Judicial Code, 28 U.S.C.A. § 225; jurisdiction to issue the order complained of is conferred upon the court below by § 9 of the Fair Labor Standards Act of 1938. 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

The appellant-respondent is, and for several years has been, engaged in Lowell, Massachusetts, in the business of printing and publishing a newspaper called the Lowell Sun. On October 5, 1940, the Acting Regional Director of the Wage and Hour Division issued and signed a subpoena duces tecum directed to the respondent requiring it to appear on October 9, 1940, at a specified time and place in Lowell and there to produce certain of its books and papers. The respondent failed to comply with it in any way.

On October 18, 1940, the Administrator of the Wage and Hour Division, acting through his attorneys, applied to the District Court under the provisions of § 9 of the Act for an order requiring the respondent to appear and show cause why it should not appear and produce its books and records in accordance with the subpoena. Such an order was forthwith issued and served and on October 28 the respondent answered and moved to vacate the show cause order and dismiss the proceeding. On November 29, the District Court denied the respondent's motion, granted the plaintiff's application, and ordered the respondent to appear and produce its books and records in accordance with the subpoena which, however, it modified in two respects. This is the order from which the respondent appeals.

The only contentions of the respondent which require consideration are (1) that the court below lacked jurisdiction, and (2) that the subpoena shows upon its face that it is a nullity.

The respondent's jurisdictional argument is not that the Fair Labor Standards Act of 1938 fails to authorize applications to the District Court of the kind here under consideration, but that such applications, to conform to the Act, may not be made by the Administrator but must be made by the Attorney General. Section 4(b) of the Act, after authorizing the Administrator to "appoint such employees as he deems necessary to carry out his functions and duties", provides: "Attorneys appointed under this section may appear for and represent the Admin-

istrator in any litigation, but all such litigation shall be subject to the direction and control of the Attorney General." It seems to us clear that the provisions above with respect to participation by the Attorney General in litigation in which the Administrator is involved are not mandatory but permissive; that they do not require that the Attorney General must exercise his power of direction and control in every litigated case but only that he may exercise those powers in any particular case if he deems that course advisable. We see no reason to extend the argument upon this point further, and pass on to the question of the validity of the subpoena.

■ This subpoena was issued and signed by the Acting Regional Director pursuant to authority conferred upon him by the Administrator in Administrative Order number 48 which is reproduced in the margin. [1] The question raised is whether or not under the Act the Administrator may delegate his power to issue subpoenas duces tecum to his representatives.

Section 9 of the Fair Labor Standards Act of 1938 reads: "For the purpose of any hearing or investigation provided for in this Act [chapter], the provisions of sections 9 and 10 [49 and 50 of Title 15] (relating to the attendance of witnesses and the production of books, papers, and documents) of the Federal Trade Commission Act of September 16, 1914, as amended (U.S.C., 1934 edition, title 15, §§ 49 and 50), are hereby made applicable to the jurisdiction, powers, and duties of the Administrator * * *." The perti-

nent part of section 9 of the Federal Trade Commission Act referred to above, after providing that the Commission or its agents shall have access to any documentary evidence of any corporation being investigated or proceeded against", reads: "the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence."

Reading "Administrator" for "Commission", it seems clear that by the above provision Congress gave to the Administrator, and to him only, authority to issue and sign subpoenas duces tecum. This the Administrator practically concedes in his brief. But he contends that § 4(c) of the Fair Labor Standards Act authorizes him to delegate his power to issue subpoenas to representatives. This section reads: "The principal office of the Administrator shall be in the District of Columbia, but he or his duly authorized representative may exercise any or all of his powers in any place." The question is whether these words mean, as the Administrator contends, that he may delegate the powers conferred upon him by the Act to any representative, or whether they mean, as the respondent contends, that, although the Administrator must maintain his principal office in the District of Columbia, he may exercise his powers, and his representatives may exercise theirs, in any other place.

---

[1] "For Release Saturday, April 27, 1940
R-746
United States Department of Labor
 Wage and Hour Division
  Washington, D. C.
Administrative Order No. 48
Delegating Authority to all Regional Directors, Acting Regional Directors and Territorial Representatives to Issue Orders of Investigation and Subpoenas

Pursuant to the authority vested in me by the Fair Labor Standards Act of 1938, all Regional Directors, Acting Regional Directors and Territorial Representatives of the Wage and Hour Division, United States Department of Labor, are hereby authorized to execute and issue orders for investigation; to designate and authorize representatives to make such investigations; to execute and issue subpoenas for the attendance of witnesses and the pro-

duction of books, papers and documents; and to delegate to representatives who are authorized to make investigations, the authority to execute and issue such subpoenas in connection therewith.

This order delegates the powers given to the Administrator to compel by subpoena or otherwise the attendance of witnesses and the production of books, papers and documents under Sections 9 and 11 (a) of the said Act.

Signed at Washington, D. C., this 26th day of April, 1940.
 /s/ Philip B. Fleming
 Philip B. Fleming
   Administrator Wage and Hour Division U. S. Department of Labor
Published in Federal Register, April 27, 1940."

216

To adopt the Administrator's view would be to hold that the statute confers blanket powers of delegation upon him,—that under it he may delegate any of his functions to any representative. It would mean that he could delegate as he saw fit his duty to report periodically to Congress, (§ 4(d), to appoint industry committees and the chairmen thereof, to fix their compensation and prescribe their procedure, (§ 5), to approve or disapprove their reports by orders the findings of fact in which, if supported by substantial evidence, are conclusive and which cannot be stayed pending appeal without filing a bond, (§ 10), to define certain terms used in the Act, (§ 13), to provide by regulations or orders for the employment of learners and handicapped workers (§ 14), as well as many others. It seems most unlikely that Congress, when it enacted § 4(c), intended to confer such broad powers of delegation upon the Administrator. He, however, recognizing the improbability that Congress intended any such result, asserts that § 4(c) should be construed as empowering him to delegate not all but only some of his functions. To adopt this construction of the section would, in the first place, require that the words "any or all" as used therein with reference to the Administrator's powers, be given the meaning of "some", and, in the second place, if the Administrator may delegate only certain of his functions and duties, which may he delegate and which may he not? The Act itself does not answer this question and neither the Administrator nor the courts may do so without trespassing upon the legislative function. In our view § 4(c) must be construed either as granting full powers of delegation or as granting none.

From the wording of the section as a whole and its position in the statute; from the improbability that Congress intended to clothe the Administrator with authority to delegate "any or all" of his functions, and from the fact that to construe section 4(c) as a grant of authority to delegate would reduce to mere surplusage the provisions of section 11(a), which gives the Administrator express authority to delegate his investigatory function, we are of the opinion that Congress, when it enacted section 4(c), intended to provide not for the extent of the powers of the Administrator and his representatives, but only to provide for the place where the powers given elsewhere in the Act might be exercised.

The Administrator argues that Congress must have intended to permit him to delegate his power to issue subpoenas because to limit the exercise of that power to himself alone would hamstring him in administering the Act. This argument loses force when the instances in which Congress has seen fit to limit the power to issue subpoenas to the head or heads of other administrative agencies [2] are considered. If these agencies, all of which are clothed with investigatory powers, can function under a limited power to issue subpoenas duces tecum we see no reason why the Administrator of the Wage and Hour Division cannot do likewise.

To be sure there are many other instances in which Congress has seen fit to make express provision for the delegation of the subpoena power by the heads of administrative agencies. [3] But these instances do not show that Congress intended to provide for such delegation here. On the contrary they indicate that Congress intended that the power should be delegable only when it explicitly so provided, and conversely, that it should not be delegable when it did not so provide.

█ We find no merit in the Administrator's further argument to the effect that "the subpoena power simply implements the power of inspection", and, since the latter is delegable, (§ 11(a)), the former must be delegable also. The reason for this is that the powers are not alike. The right to enter and inspect an employer's records and make transcriptions therefrom imposes a less onerous burden than the right to compel an employer to make selection from his own records and produce such of them as are demanded at a hearing, and so Congress may well have intended to surround the exercise of the

[2] Federal Trade Commission, 15 U.S.C.A. § 49; Civil Service Commission, 18 U.S.C.A. § 61l (d); Board of Tax Appeals, 26 U.S.C.A. Int.Rev.Code, § 1114, § 1119 (b); National Labor Relations Board, 29 U.S.C.A. § 161 (1).

[3] Securities and Exchange Commission, 15 U.S.C.A. §§ 77uuu (a), 79r (c); Federal Power Commission, 15 U.S.C.A. § 717m (c), 16 U.S.C.A. § 825f (b); Tariff Commission, 19 U.S.C.A. § 1333; United States Maritime Commission, 46 U.S.C.A. § 1124; Federal Communications Commission, 47 U.S.C.A. 409 (a).

power to impose the heavier burden with greater safeguards than it thought necessary in the case of the lighter one.

The order of the District Court is vacated and the case remanded to that court with direction to dismiss the petition in conformity with this opinion.