**CUDAHY PACKING CO. v. FLEMING.**

No. 11956.

Circuit Court of Appeals, Eighth Circuit.

Oct. 11, 1941.

Rehearing Denied Nov. 3, 1941.

STONE, Circuit Judge, dissenting in part.

————◆————

William C. Green, of St. Paul, Minn. (Thomas Creigh and John L. Church, both of Chicago, Ill., on the brief), for appellant.

Roy C. Frank, of Washington, D.C., Atty., United States Department of Labor (Gerard D. Reilly, Solicitor, and Irving J. Levy, Asst. Sol., both of Washington, D.C., Donald M. Murtha, Regional Attorney, of Minneapolis, Minn., and Robert S. Erdahl, Atty., United States Department of Labor, David Persinger, and Westley W. Silvian, all of Washington, D.C., Attys., on the brief), for appellee.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The Cudahy Packing Company operates two meat-packing plants in the State of Minnesota, one at St. Paul and the other at Newport. It admits that it is engaged in interstate commerce at its Newport plant, but contends that the business of the St. Paul plant is intrastate only.

The Acting Regional Director of the Wage and Hour Division for the Minnesota area, claiming to have reasonable grounds to believe that the Company was violating the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., directed an investigation to be made at both its plants, under § 11 of the Act. The Company re-

fused to allow access to its records at either plant, unless the Wage and Hour Division "would advise the names of any employees concerning whom complaint had been made", when it would produce the record as to such particular employees only.

The Acting Regional Director thereupon issued a subpoena duces tecum, under § 9 of the Act, requiring the Company to appear and produce the records of both the Newport and St. Paul plants, covering the wages paid to all of its employees, and the hours worked by each, from October 24, 1938, when the Act became effective, to November 16, 1940. The subpoena further required the production of all records of shipments into and out of both plants for the same period. The Company refused to obey the subpoena.

The Administrator then made application to the District Court, under § 9 of the Act, for an order to enforce compliance with the subpoena. On an order to show cause, the Company challenged the validity of the subpoena and the Administrator's right to seek enforcement of it. After a hearing, the District Court entered an order requiring the Company to comply with the subpoena, and the Company has appealed.

The first contention urged for reversal is that the District Court was without jurisdiction to enforce compliance with the subpoena, because the application was not filed by the Attorney General, nor was the proceeding shown to have been subject to his direction and control.

■ Section 4(b) of the Act provides that "Attorneys appointed under this section may appear for and represent the Administrator in any litigation, but all such litigation shall be subject to the direction and control of the Attorney General". In this case, as in all other such proceedings under the Fair Labor Standards Act appearing in the printed reports, the application was made by the Administrator through regular attorneys of the Wage and Hour Division. In none of the reported cases has the right of the Administrator's legal staff to appear thus for him ever been judicially denied. Such an application is, of course, not a proceeding in mandamus, and the provision of the statute[1] relating to the jurisdiction of the district courts to issue writs of mandamus upon the application of the Attorney General obviously does not apply.

■ The general contention that all litigation under the Fair Labor Standards Act must be instituted by the Attorney General was specifically considered in Lowell Sun Co. v. Fleming, Administrator, 1 Cir., 120 F.2d 213, and Fleming, Administrator v. Lowell Sun Co., D.C.Mass., 36 F.Supp. 320, and was decided adversely to appellant's present contention. There is no need to repeat the details of the argument here. We agree with the view expressed in those two decisions, that the power conferred upon the Attorney General under § 4(b) of the Act, to direct and control all litigation in which the Administrator is involved, is permissive and not mandatory, and that the manner and extent of his participation are wholly a matter of his official option. It may be added that appellant's present contention was urged also in Cudahy Packing Company of Louisiana v. Fleming, Administrator, 5 Cir., 119 F.2d 209, and seemingly was there regarded as not even meriting judicial comment, since it is not discussed in the opinion.

■ But it is said that the evidence shows that the present situation was one in which the Attorney General had specifically required that he be given notice by the Administrator, and that the District Court therefore had no right to permit the Administrator to proceed, without proof that notice had actually been given and that the Attorney General had consented to the continued handling of the matter by the legal staff of the Wage and Hour Division. This argument bases itself upon a provision in a letter from the Attorney General to the Administrator, which is in the record and which states: "The legal staffs of your Administration will handle your legal work, including litigation in the courts of a civil character, with the agreement that notice will be given to the Attorney General in any case involving an issue of constitutionality or if it is carried by any party to the court of last resort of any state or territory or to the Circuit Court of Appeals of the United States."

We find nothing in this interdepartmental arrangement that can in any way be said to be intended to prevent the Administrator from instituting a proceeding, such as the present one, through his own legal staff. Certainly, no case "involving an issue of constitutionality" can be claimed to exist until after the proceeding has been

[1] 29 U.S.C.A. § 209, 15 U.S.C.A. § 49, par. 4. The application here is made under the provisions of the third paragraph of 15 U.S.C.A. § 49.

filed. The proceeding here thus being properly instituted, the court necessarily acquired jurisdiction of it, and the statute imposed no restriction upon the judicial right thereafter to proceed.

■ The situation is hardly analogous to that under 28 U.S.C.A. § 401, where the court itself is required to give notice to the Attorney General in any case in which "the constitutionality of any Act of Congress affecting the public interest is drawn in question in any court of the United States in any suit or proceeding to which the United States, or any agency thereof, or any officer or employee thereof, as such officer or employee, is not a party". While the letter of the Attorney General to the Administrator may be presumed similarly to be intended to have application only to situations where the validity of some portion of the Fair Labor Standards Act is being attacked, and not to claimed invasions of private rights by allegedly unwarranted action beyond the scope of the statute,—to which appellant seeks to apply it here—the matter is, in any event, and whatever may be the scope of its intended application, a purely interdepartmental arrangement or relationship in an administrative field, as to which the judiciary owes no duty and should not undertake to engage in collateral inquiry. The particular question can hardly be said to be of great moment here, and perhaps our discussion of it has been longer than it soundly merits, but it may possibly serve to emphasize a caution as to the imaginary responsibility of the judiciary in the field of administrative duties. Administrative functions and relationships are no concern of the judiciary, unless fundamental rights are being violated, or unless the statute has imposed a specific duty on the courts with respect to them.

■■ The next contention of appellant is that the subpoena here sought to be enforced is void, because it was signed by an Acting Regional Director, and not by the Administrator personally. The argument is that, since the right to issue a subpoena under § 9 of the Fair Labor Standards Act is governed by the provisions of § 9 of the Federal Trade Commission Act, 15 U.S.C. A. § 49, and since under the latter section subpoenas can only be issued by one of the Commissioners, it logically follows that all subpoenas under the Fair Labor Standards Act must be signed by the Administrator personally, and that the power cannot be delegated. But § 9 of the Fair Labor Standards Act was inserted by a conference committee of the Senate and the House concurrently with § 4(c), and, on the question here involved, we think the two sections must have been intended to have a complementary relationship. Section 4(c) provides that "The principal office of the Administrator shall be in the District of Columbia, but he or his duly authorized representative may exercise any or all of his powers in any place". The power of Congress to permit a delegation of the right to issue subpoenas certainly is not open to question, and Congress also clearly must be said to have recognized the existence of the probable need therefor in the field of administrative process, as in the case of the Securities Exchange Commission, 15 U.S.C.A. §§ 77 uuu(a), 79r(c); the Federal Power Commission, 15 U.S.C. A. § 717m(c), 16 U.S.C.A. § 825f(b); the Federal Communications Commission, 47 U.S.C.A. § 409(a); and the United States Maritime Commission, 46 U.S.C.A. § 1124.

■ The issuance of a subpoena for the purpose of obtaining access to authorized data and records, in carrying out the provisions of § 11(a) of the Act, is, in administrative effect, a mere implementation of the power of inspection conferred by that section. The mere issuance of such a subpoena cannot be claimed to violate any fundamental right of the employer, since it can only be enforced by application to the District Court for a compliance order, and a judicial approval of the right, under the statute, to demand the required action. When thus viewed and the fact considered that Congress has expressly provided that the powers of the Administrator may be exercised in any place through his duly authorized representatives, we believe that it was not intended that the Administrator personally should bear the burden of issuing subpoenas on a nationwide scale—a task which reason suggests would in such a situation hardly be made anything more than mechanical on his part, in view of its onerousness and of ultimate judicial responsibility in the necessity for a compliance order. Where there has been a clear grant of an administrative power,—as there is here of the general right to issue implementing subpoenas—in a field of declared public interest, and the statute is subject to two reasonable constructions as to the manner in which the power may be exercised, one of which will facilitate performance

of the prescribed administrative duties, and the other of which will impede it, the courts should adopt the facilitating construction, if no fundamental rights are thereby violated or impaired.

We accordingly are unable to agree with the view taken of this question in Lowell Sun Co. v. Fleming, Administrator, 1 Cir., 120 F.2d 213, but agree with the conclusion in Fleming, Administrator v. Lowell Sun Co., D.C.Mass., 36 F.Supp. 320, and Fleming, Administrator v. Arsenal Building Corporation, D.C.S.D.N.Y., 38 F.Supp. 675, that the power to issue a subpoena may properly be delegated by the Administrator to an Acting Regional Director.

█ The next contention of appellant is that the District Court erred in refusing to give consideration to its allegation that the purpose of the Acting Regional Director in issuing the subpoena and in seeking the compliance order was to assist a labor organization in obtaining information, as a foundation for suits for overtime on the part of member-employees. The motive of an administrative officer in undertaking lawful action within the sphere of his valid powers and duties cannot be made the subject of judicial inquiry.

Appellant's final contention is that the subpoena and the compliance order are violative of its rights under the Fourth Amendment. It is claimed that the Administrator could not lawfully compel production of the records of any employees, except those actually within the operation of the Act; that he had no right whatsoever to demand any records of shipments into or out of appellant's plants; and, finally, that no right could exist to an inspection of any records of the St. Paul branch, either of employees or shipments, without some proof by the Administrator that such plant actually was engaged in interstate commerce, a fact which appellant denied.

█ All of the records required to be produced were clearly records which the Administrator or his designated representatives were entitled to inspect under § 11(a) of the Act in the situation here presented. Where an industry is subject to the Fair Labor Standards Act, the Administrator is entitled, under § 11(a) of the Act, to inspect the records of all its employees, both non-exempt and exempt. Compare Fleming, Administrator v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384, certiorari denied, 311 U.S. 690, 61 S.Ct. 71,

85 L.Ed. ——. Similarly, where an employer is engaged in operating more than one plant or establishment, and seeks to claim that a part of such plants is subject to the Act and another is not, there can be no possible question as to the right of the Administrator to inspect the shipment records of all of them, in order to determine the scope of the operations of each and the relationship between them. Indeed, in any industry subject to the Act, the Supreme Court has declared that "The requirement for records even of the intrastate transaction is an appropriate means to the legitimate end". United States v. Darby, 312 U.S. 100, 125, 61 S.Ct. 451, 462, 85 L.Ed. 609, 132 A.L.R. 1430.

█ All the records required by the subpoena here involved were for a reasonable period, under the circumstances of the case, and were relevant to a legitimate field of inquiry under the Act. There was no attempt to conduct a general fishing expedition such as was condemned in Federal Trade Commission v. American Tobacco Company, 264 U.S. 298, 44 S.Ct. 336, 68 L. Ed. 696, 32 A.L.R. 786. Compare also Fleming, Administrator v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384; Cudahy Packing Company of Louisiana v. Fleming, Administrator, 5 Cir., 119 F.2d 209; President of United States v. Skeen, 5 Cir., 118 F.2d 58.

█ "* * * there is no unreasonable search and seizure when a writ, suitably specific and properly limited in its scope, calls for the production of documents which, as against their lawful owner to whom the writ is directed, the party procuring its issuance is entitled to have produced." Wilson v. United States, 221 U.S. 361, 376, 31 S.Ct. 538, 542, 55 L.Ed. 771, Ann.Cas.1912D, 558.

"The order * * * is suitably specific and reasonable, and there is not the faintest semblance of an unreasonable search and seizure. The 4th Amendment has no application." Baltimore & Ohio Railroad Company v. Interstate Commerce Commission, 221 U.S. 612, 622, 31 S.Ct. 621, 626, 55 L.Ed. 878.

Affirmed.

STONE, Circuit Judge (dissenting in part).

I feel compelled to differ with the majority opinion upon one issue. That issue

has to do with the necessity of action by the Attorney General under Section 4(b) of the Act.

Appellant urges that the Administrator was without authority and, in fact, was prohibited from bringing this action. This contention is based upon provisions in Section 4(b), 29 U.S.C.A. § 204(b), and in Section 9 of the Act, 29 U.S.C.A. § 209, which appellant claims, require such an action to be "subject to the direction and control of the Attorney General"; and upon the claim that this action was brought by counsel for the Wage and Hour Division of the Department of Labor without the direction or control of the Attorney General. While appellant urges that Section 9 of the Act is pertinent to this inquiry, such relevancy seems remote to me.

The controlling law, as to this issue before us, is to be found in Section 4(b) of this Act. Section 4(b) gives to the Administrator the broad power to "appoint such employees as he deems necessary to carry out his functions and duties under this Act [chapter]." The immediately pertinent language is that "Attorneys appointed under this section may appear for and represent the Administrator in any litigation, but all such litigation shall be subject to the direction and control of the Attorney General."

This specific provision as to attorneys clearly means two things: (1) that attorneys of the Administrator may represent him in litigation; and (2) that all of such litigation is—the wording is "shall be"—subject to the direction and control of the Attorney General. Whether this limitation *requires* active instructions—specific or general—from the Attorney General or whether, in case of inaction by him, the litigation may be handled by the attorneys for the Administrator, we need not determine—in fact, that question is not here. It *is* not here because (whichever of the above alternatives is correct) the *power* is, I think, clearly placed in the Attorney General to direct and control all such litigation; and because the Attorney General has exercised that power through instructions contained in a letter[2] addressed by him to the Administrator. The part of that letter particularly pertinent here is as follows:

"This letter will confirm the arrangement reached this .morning by which our two Departments will proceed to the enforcement of the Wage and Hour Law under the co-ordination of Benjamin V. Cohen and under the following division of responsibility.

"The legal staffs of your Administration will handle your legal work, including litigation in the courts of a civil character, with the agreement that notice will be given to the Attorney General in any case involving an issue of constitutionality."

In the letter .to the Acting Regional Director from appellant wherein appellant set forth its reasons for not appearing at the

---

[2] The letter, in full, is as follows:
"Office of The Attorney General
Washington, D. C.
January 18, 1939.
Hon. Elmer F. Andrews, Administrator,
Wage and Hour Division,
Department of Labor,
Washington, D. C.
Dear Mr. Andrews:

This letter will confirm the arrangement reached this morning by which our two departments will proceed to the enforcement of the Wage and Hour Law under the coordination of Benjamin V. Cohen and under the following division of responsibility.

The legal staffs of your Administration will handle your legal work, including litigation in the courts of a civil character, with the agreement that notice will be given to the Attorney General in any case involving an issue of constitutionality or if it is carried by any party to the court of last resort of any state or territory or to the Circuit Court of Appeals of the United States.

In the Circuit Court of Appeals and in a state court of last resort, the Attorney General will take such part in the conduct of such cases as he deems to be in the interest of the United States.

In the event that any such litigation is carried to the Supreme Court of the United States, the same shall be under the control and direction of the Attorney General and the Solicitor General, with such assistance as they may desire from your legal staff.

This Department will forward for prosecution by United States Attorneys cases certified for prosecution by you, and the United States Attorneys will be assisted either from your staff or from the staff of the Department of Justice in such cases as may be decided on in each case.

If this statement of the arrangement complies with your understanding of it, will you be good enough to indicate it by a reply.

Yours very truly,
Frank Murphy,
Attorney General."

hearing in compliance with the subpoena duces tecum, it is clearly set forth that appellant is urging that the subpoena violates its rights under the Fourth and Fifth Amendments to the Constitution. In its return to the show cause order in this case, appellant sets out repeatedly its position that the subpoena is in violation of these two Amendments. In short, before this litigation was begun the Administrator was apprised that constitutional questions were involved. Such were raised by pleadings in the litigation. In its motion to dismiss this application appellant raised this very issue to the trial court but both court and counsel for the Administrator gave no weight thereto.

In this situation, it became the duty of the Administrator, or of his acting representative (the Acting Regional Director), to notify the Attorney General. Such was the requirement of the instructions in the above letter from the Attorney General. There is no claim nor evidence that any notice was ever given. So far as this record shows, the Attorney General has no knowledge that this litigation exists. It was brought and conducted entirely by attorneys for the Administrator.

That this limitation upon the power of the Administrator to initiate and conduct litigation through his own attorneys is substantial and not merely formal is determined by the Supreme Court (Federal Trade Commission v. Claire Furnace Co., 274 U.S. 160, 174, 47 S.Ct. 553, 71 L.Ed. 978) in considering the provision (of like character) in Section 9 of the Federal Trade Commission Act governing mandamus proceedings.

I think the court should not have proceeded when this issue was raised until it had ascertained whether counsel for the Administrator was in position, under Section 4(b), to conduct the litigation. Certainly, it had no right to make the order after it was apprised of the instructions from the Attorney General. If, with knowledge that counsel for the Administrator are proceeding *in violation* of the instructions of the Attorney General, a court can nevertheless go ahead as was here done, then this provision of Section 4(b) of the Act can be and is here nullified.

I think the order should be set aside with directions to dismiss the application unless the Attorney General shall, within a defined period, file in the court instructions indicating what direction and control he desires to exercise in this litigation and, if such be filed, that the direction and control of the litigation, in so far as the applicant is concerned, shall proceed in accord therewith.