COURTNEY M. MABEE et al., Plaintiffs, *v.* WHITE PLAINS PUBLISH-
ING CO., INC., Defendant.

Supreme Court, Westchester County, November 2, 1942.

*Marlat & Brooks* for defendant.

*Stephen R. J. Roach* for plaintiffs.

WITSCHIEF, J. Motion by the defendant to dismiss the complaint for failure to state facts, et cetera, denied with ten dollars costs. The action is brought to recover overtime compensation under the provisions of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). The defendant published a newspaper at White Plains, N. Y., during the periods mentioned in the complaint and it is alleged in the complaint that the defendant was engaged in interstate .commerce and during said periods sent and delivered its newspaper to various parts of the United States and did not confine such delivery to the State of New

York. When the defendant discontinued its publication of a newspaper, its total daily circulation was 5,000, of which 42 copies were sent to points outside of New York State. All of the objections made to the Fair Labor Standards Act of 1938 in regard to its application to the defendant have been overruled in the United States District Court for the District of Massachusetts in *Fleming* v. *Lowell Sun Co.* (36 F. Supp. 320). The Federal courts have held that newspapers are subject to the Fair Labor Standards Act of 1938. (*Belo Corp.* v. *Street,* 36 F. Supp. 907.) And the United States Supreme Court has held that the Associated Press is engaged in interstate commerce. (*Associated Press* v. *Labor Board,* 301 U. S. 103.) That Congress considered the Act as applicable to daily newspapers is indicated by the eighth exemption in section 13 of the Act (U. S. Code, tit. 29, § 213), which excludes weekly or semiweekly newspapers with a circulation of less than 3,000, the major part of which is in the county where the publication is issued. It is not for this court to consider either the wisdom or the justice of the application of the Act to daily newspapers in such localities as White Plains, only a very small portion of whose circulation goes without the State. If they should be accorded relief, the power to grant it resides in the Congress and not in this court. In the *Lowell Sun Co.* case referred to above, it was held that the Fair Labor Standards Act is not unreasonable and arbitrary because exempting certain weekly newspapers from the application, and in that case attention was called to the fact that the Federal Constitution does not require uniformity in connection with the commerce power. It was also held that while the exercise of the commerce power is subject to the Fifth Amendment, there is no equal protection clause contained in that amendment. Every point which is made in the instant case is referred to and overruled in the *Lowell Sun Co.* case. It is true that that case was reversed on appeal (*Lowell Sun Co.* v. *Fleming,* 120 F. 2d 213) but the reversal was upon another point, namely, the power to issue the subpœna, which was the basis of that action. The views expressed by the Federal courts are entitled to great weight when the same statute is involved in a State court. Whether the activities of any one of the plaintiffs in this action related to interstate commerce is a question of fact which may be determined upon the trial and that question is not presented and is not decided on this motion.