**PORTER, Adm'r, OPA, v. PHILLIPS.**
**No. 4017.**

District Court, D. Massachusetts.
April 9, 1946.

James J. Brennan, Chief Enforcement Atty., and Albert Z. LeMoine, Enforcement Atty., OPA, both of Boston, Mass., for plaintiff.

Fox, Orlov & Cowin and Phillip Cowin, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

After this case had been assigned for hearing on the merits the defendant, with the Court's permission, filed a motion for judgment on the pleadings. This opinion will dispose of both matters, taking up first the motion for judgment on the pleadings.

The original petition in this action was filed pursuant to the provisions of section 205 (a) and section 205 (f) (2) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925 (a) and (f) (2). The plaintiff sought a preliminary injunction and an order suspending the license of the defendant to sell or deliver poultry or any poultry products, at or from the defendant's place of business in East Boston, Massachusetts.

By the provisions of Maximum Price Regulation 269, 7 F.R. 9202, effective November 9, 1942, and the General Maximum Price Regulation, 7 F.R. 3153, effective May 11, 1942, the defendant, as a condition of selling poultry, was required to have, and was granted, a license which was merged and continued in a license granted by Licensing Order No. 1, 8 F.R. 13240, effective October 1, 1943.

As a condition precedent to the right to maintain this action, a warning notice must have been sent to the defendant, calling his attention to alleged improper activities on his part and warning him against future violations. Such a warning notice was sent on March 10, 1943, to this defendant under the signature of the Regional Administrator. The warning notice having been ineffective in curbing the defendant from further violations of the Act, the present petition for an injunction and an order suspending defendant's license was filed.

The defendant's motion for judgment on the pleadings attacks the validity of the warning notice sent to him, and calls the Court's attention to the fact that section 205 (f) (2) of the Emergency Price Control Act uses the following language: "Whenever in the judgment of the Administrator a person has violated any of the provisions of a license * * * a warning notice shall be sent by registered mail to such person." The defendant, relying upon the decisions in Cudahy Meat Packing Co. v. Holland, 315 U.S. 357, 788, 62 S.Ct. 651, 86 L.Ed. 895, and Holland, Administrator v. Lowell Sun Co., 1 Cir., 120 F.2d 213, contends that, under the Act, the duty of sending such a warning notice was nondelegable, and that, since the notice sent to this defendant was not signed by the Administrator, it is ineffective. I do not think that the defendant's contention has much merit. The Cudahy and Lowell Sun cases, supra, had to deal with the issuance of subpœnas, and the courts held that the power to issue subpœnas could not be delegated to local administrators. There is much sense and reasoning in these decisions, and I think that the courts generally would be very reluctant to allow such a delegation in the absence of a clear showing that it was the intent of Congress that local administrators should have such broad powers. I do not feel that the power to issue a warning notice to a suspected violator attains the same degree of dignity as a subpœna.

240

Section 201 of the Emergency Price Control Act provides in its material parts as follows:

"(a) The Administrator may, subject to the civil-service laws, appoint such employees as he deems necessary in order to carry out his functions and duties under this Act * * *.

"(b) The principal office of the Administrator shall be in the District of Columbia, but he or any duly authorized representative may exercise any or all of his powers in any place."

While it is true that much the same language was used in the Emergency Price Control Act as was used in the Fair Labor Standards Act of 1938, 29 U.S. C.A. § 201 et seq., nevertheless this Court is satisfied that the power to issue a warning notice was a delegable power and has, in fact, been delegated to the local administrators. To hold otherwise would place a terrific burden upon the Administrator to pass upon the merits of each complaint which is received by him, and to physically issue a warning notice. That matter is best handled in the field by regional administrators and other officers. Finding that there is no merit in the defendant's contention, I deny his motion for judgment on the pleadings.

### Findings of Fact

As to the hearing on the merits, I find that this defendant, on or about March 10, 1943, was served with a warning notice calling for strict compliance with the Emergency Price Control Act of 1942 in his poultry business. I also find that thereafter, on or about March 27, 1945, the defendant made at least three sales at prices beyond the ceiling prices. This was at a time when the poultry market was very low in supplies, and these three sales, in view of the conditions under which they were made, would warrant a finding that this man was deliberately exceeding the ceiling prices.

### Conclusions of Law

From the foregoing I conclude and rule that, after having been served with the warning notice, the defendant nevertheless continued to sell poultry in excess of the maximum legal prices established therefor by Maximum Price Regulation 269, and that the plaintiff is entitled to an order pursuant to the provisions of section 205 (f) (2) of the Emergency Price Con-

trol Act of 1942. The period during which the license of this defendant shall be suspended is ninety days.

An order may be prepared in accordance with the above.