**UNITED STATES v. CASTNER.**

**UNITED STATES v. QUINN.**

Nos. 53 Cr 192, 53 Cr 204.

United States District Court,
N. D. Illinois, E. D.

Nov. 17, 1953.

476

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for the Government.

George F. Callaghan, Chicago, for Castner.

John J. Toohey, Chicago, for Quinn.

CAMPBELL, District Judge.

In 53 CR 192, the indictment charges that Castner, a hog dealer at the Union Stock Yards in Chicago, wilfully and knowingly caused certain weighmasters employed by the Stock Yards to show on certain scale tickets issued by said weighmasters weights greater than the true weights of hogs sold by Castner. In 53 CR 204, the indictment charges

that Quinn, who was employed as a weighmaster at the Union Stock Yards, wilfully and knowingly made false entries in the accounts, records, and memoranda of the Stock Yards by showing incorrect weights on scale tickets for certain hogs sold at the Stock Yards by Castner and others. It is alleged in each indictment—53 CR 192 with respect to Castner, and 53 CR 204 with respect to Quinn—that these acts violate Section 402 of the Packers and Stockyards Act, 1921, 7 U.S.C.A. § 222, which Section incorporates into said Act the provisions, including penalties, of Section 50 of Title 15, United States Code.

Castner contends, in support of his motion to dismiss the indictment in 53 CR 192, that the acts charged in the indictment do not constitute an offense against the laws of the United States. Quinn makes a similar contention in support of his motion to dismiss the indictment in 53 CR 204.

The elements of the offense with which defendants are charged are outlined in Section 50 of Title 15 in these terms:

"Any person who shall willfully make, or cause to be made, any false entry or statement of fact in any report required to be made under sections 41–46 and 47–58 of this title, or who shall willfully make, or cause to be made, any false entry in any account, record, or memorandum kept by any corporation subject to said sections, or who shall willfully neglect or fail to make, or cause to be made, full, true, and correct entries in such accounts, records, or memoranda of all facts and transactions appertaining to the business of such corporation * * * shall be deemed guilty of an offense against the United States * * *."

Section 50 was enacted in 1914 to insure obedience to the investigatory powers of the Federal Trade Commission; seven years later, in the Packers and Stockyards Act, the provisions of Section 50 were made applicable to certain classes of persons engaged in the business of buying and selling livestock in areas supervised by the Secretary of Agriculture. Section 402 of said Act provides:

"For the efficient execution of the provisions of this chapter, and in order to provide information for the use of Congress, the provisions (including penalties) of sections 46 and 48–50 of Title 15, are made applicable to the jurisdiction, powers, and duties of the Secretary in enforcing the provisions of this chapter and to any person subject to the provisions of this chapter, whether or not a corporation. The Secretary, in person or by such agents as he may designate, may prosecute any inquiry necessary to his duties under this chapter in any part of the United States."

■ *First.* Section 402 employs segments of statutory provisions originally designed to supplement the powers of the Federal Trade Commission, and, more particularly, the provisions and penalties of Section 50, originally limited to matters within the jurisdiction of the Federal Trade Commission, are made applicable to persons engaged in certain well-defined agricultural work. If this is the meaning of Section 402—and the clear terms of the Section permit no other meaning—then the relation of Section 50 to the work of the Federal Trade Commission is not material to the questions now before the court. In short, the sanctions of Section 50 may serve one purpose as part of Title 15, and another purpose when incorporated into the Packers and Stockyards Act.

This construction of Section 402 is consonant with decisions approving the incorporation of parts of Section 50 into another statute. Section 9 of the Fair Labor Standards Act of 1938, 29 U.S.C.A § 209, provides:

"For the purpose of any hearing or investigation provided for in sections 201–219 of this title, the provisions of sections 49 and 50 of Title

15, (relating to the attendance of witnesses and the production of books, papers, and documents), are made applicable to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees."

Section 9 has been considered by the Supreme Court on several occasions, and that Court has never disapproved of the manner in which the Section introduces parts of Title 15 into the Fair Labor Standards Act. See, for example, Cudahy Packing Co. v. Holland, 1942, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895. Further, courts have applied parts of Title 15, as incorporated into the Fair Labor Standards Act, with little difficulty. For example, Section 49 of Title 15 delegates certain subpoena powers to the Federal Trade Commission; similar powers are delegated to the Administrator of the Wage and Hour Division of the Department of Labor by the Fair Labor Standards Act, which contains a bare reference to Section 49. In Lowell Sun Co. v. Fleming, 1 Cir., 1941, 120 F.2d 213, affirmed by an equally divided Supreme Court, 315 U.S. 784, 62 S.Ct. 793, 86 L.Ed. 1190, the court simply substituted the word "Administrator" for the word "Commission" in Section 49, and held that powers delegated to the Commission in Section 49 were similarly delegated to the Administrator by the incorporation of Section 49 into the Fair Labor Standards Act. This is a simple construction, one that is in keeping with the clear terms of the statutes.

It is clear, therefore, that indictments brought under Section 402 of the Packers and Stockyards Act need not allege that the defendants are subject to the jurisdiction of the Federal Trade Commission, or that the offense involved a corporation required to report to the Commission, or that a falsified report was required to be made to the Commission. These and other jurisdictional facts are perhaps essential to indictments restricted to violations under Section 50; but they are not at all material to indictments brought under the Packers and Stockyards Act. That Act contains its own jurisdictional requirements, and these are adequately alleged in the indictments.

■ *Second.* The provisions and penalties of Section 50 were added to the Packers and Stockyards Act "for the efficient execution of the provisions" of the Act, and "in order to provide information for the use of Congress". 7 U.S.C.A. § 222. Of course, the need for the additional provisions and penalties is not subject to judicial inquiry; but the court may properly determine whether the conduct described in the indictments is the type of conduct which Congress intended to proscribe when Section 50 was incorporated into the Packers and Stockyards Act.

■ It is charged in one indictment that Quinn made false entries on scale tickets issued by him at the Stock Yards; in the other indictment, it is charged that Castner caused Quinn and others to make such false entries. Scale tickets such as those described in the indictments are issued by weighmasters at the Stock Yards pursuant to the regulations of the Department of Agriculture. The regulations specifically provide that whenever livestock is weighed for the purpose of purchase or sale, a scale ticket "shall" be issued. Copies of tickets issued by weighmasters at the Stock Yards must conform to prescribed standards, and must be retained in the files of the stockyards owner. 9 C.F.R 201.49. Castner and Quinn contend that these regulations may not be used to classify scale tickets as "reports required to be made" by the Union Stock Yards, since the Secretary of Agriculture must enter appropriate findings before determining the manner and form in which reports are to be made. 7 U.S.C.A. § 221. However, the Secretary may certainly require that persons within his jurisdiction, including the Stock Yards, keep routine records of their daily transactions; indeed, such records are essential to the exercise of the broad rule-making powers vested in the Secretary. Clearly, falsification or alteration of scale tickets might hamper the Secretary of Agriculture in the performance of duties imposed by the Packers and Stockyards Act; or, to turn to

another announced need for the imposition of the sanctions of section 50, false scale tickets might provide less accurate information for the use of Congress. The court concludes that the acts described in the indictments are prohibited by Section 402 of the Packers and Stockyards Act, including by reference Section 50 of Title 15.

*Third.* Section 401 of the Packers and Stockyards Act enables the Secretary of Agriculture to investigate misconduct in areas within his jurisdiction and, if misconduct is found, Section 401 prescribes a penalty. Admittedly, administrative action is prerequisite to conviction of an offense under Section 401 of the Act. Defendants carry this proposition one step further: they argue that Sections 401 and 402 are complementary, not exclusive, and that some sort of prior administrative action by the Secretary is essential to conviction of offenses introduced into the Act by Section 402. This argument is grounded upon a primary jurisdiction doctrine; but the argument in my opinion pushes that doctrine beyond all reasonable limits.

This court is aware that the primary jurisdiction doctrine, as evolved in cases construing the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., is applicable to cases arising under the Packers and Stockyards Act. However, to use the language of the Court of Appeals,

"To say * * * that the primary jurisdiction doctrine is applicable to cases arising under the Packers and Stockyards Act is not to say that it applies to defeat the jurisdiction of the courts in all such cases, for the Supreme Court has clearly indicated that the doctrine is operative only in certain classes of cases, those in which 'the inquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission.'"

Kelly **v.** Union Stockyards & Transit Co. of Chicago, 7 Cir., 1951, 190 F.2d 860, 864. The court is now concerned with criminal prosecutions stemming from grand jury indictments—not civil suits involving "discretion in technical matters". Sound considerations of policy which underlie the primary jurisdiction doctrine are certainly not applicable to these criminal cases. If defendants seek statutory assurance that these cases are properly prosecuted by the Attorney General instead of the Secretary of Agriculture, they are referred to Section 404 of the Packers and Stockyards Act, 7 U.S. C.A. § 224, which provides: "The Secretary may report any violation of this chapter to the Attorney General of the United States, who shall cause appropriate proceedings to be commenced and prosecuted in the proper courts of the United States without delay."

*Fourth.* Section 402 recites that the "provisions (including penalties) of sections 46 and 48–50 of Title 15" are made applicable to persons subject to the provisions of the Packers and Stockyards Act. Castner argues that Section 50 describes "offenses" and "penalties;" that the acts described in his indictment constitute offenses, not penalties, as those terms are used in the statutes; and that offenses were not incorporated into the Packers and Stockyards Act by Section 402. Of course, there are distinctions between penalties and offenses—but the distinctions are not significant here. Congress did not express the intent to omit any portion of Section 50, or any portion of any incorporated section, from the Packers and Stockyards Act. Certainly, the specific reference to the inclusion of penalties cannot, in itself, operate to exclude any other part of the incorporated sections. Castner's argument is not persuasive.

Each of the many counts in each indictment contains a detailed description of acts prohibited by statute, and defendants are thereby adequately apprised of the charges made against them. It is the considered opinion of the Court that the indictments are sufficient and valid in all respects; accordingly, each of the motions to dismiss—Castner's motion in 53 CR 192 and Quinn's motion in 53 CR 204—is hereby denied.