**Application of HOLLAND, Adm'r of Wage and Hour Division, U. S. Department of Labor.**

**In re STANDARD DREDGING CORPORATION.**

District Court, S. D. New York.
April 27, 1942.

Warner W. Gardner, of Washington, D. C. (Irving J. Levy, of Washington, D. C., Arthur E. Reyman, of New York City, and James L. Goldwater and Mortimer C. Wolf, both of Washington, D. C., of counsel), for petitioner.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (A. V. Cherbonnier, of New York City, of counsel), for respondent.

RIFKIND, District Judge.

This is an application for an order to enforce a subpoena duces tecum issued by the Administrator of the Wage and Hour Division of the United States Department of Labor. The relief is sought under the Fair Labor Standards Act of 1938, 29 U. S.C.A. §§ 201–219.

The respondent interposes two objections to the enforcement of the subpoena. The first is that all but four of respondent's employees are seamen and as such are exempt under the law. But section 13(a) of the Act does not grant a general exemption concerning seamen. It provides: "The provisions of sections 6 [206] and 7 [207] shall not apply with respect to * * * (3) any employee employed as a seaman." Section 6 establishes minimum wages; section 7 establishes maximum hours. These two sections are not the whole of the Act. Section 12, for instance, deals with child labor; section 14 with apprentices.

There is nothing in section 13(a) to express a congressional intention to make these and other provisions of the Act inapplicable to seamen. It may be that they are inapplicable—and no opinion is expressed thereon—but, if so, it is for

reasons other than the exemptions provided by section 13(a).

The second objection interposed by respondent is that it is not engaged in commerce as defined in the Act. The question presented is whether that makes any difference. If this were a proceeding to enforce section 6 or 7(a) of the Act, the test would be whether the employees affected were engaged in commerce or in production of goods for commerce. Under section 7(c) the question is whether the employer is engaged in the activities therein enumerated. Under section 5, the nature of the "industry" is the relevant guide. The duty imposed by section 11(c) is expressly confined to employers "subject to any provision of this Act [sections 201–219 of this title]". Manifestly, Congress has in each of the instances mentioned specifically delimited the incidence of the particular provision involved. The Administrator's power to issue a subpoena is derived from sections 9 and 11(a). Is the character of respondent's activity relevant to those sections? Section 9 does not answer the question. The first sentence of section 11(a) reads as follows: "The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this Act [sections 201–219 of this title], and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act [sections 201–219 of this title], or which may aid in the enforcement of the provisions of this Act [sections 201–219 of this title]."

The term "industry" which is employed in the foregoing section is defined in section 3(h). "'Industry' means a trade, business, industry, or branch thereof, or group of industries, in which individuals are gainfully employed." The definition of industry evidently does not include the term "employer", which is separately defined in section 3(d). Industry, as defined in the Act, is the concept utilized in the organization of industry-committees under section 5; it is wider and more inclusive than the term employer.

■ With these preliminaries it seems clear that section 11(a) confers upon the Administrator two distinct groups of powers. (1) He may investigate any industry subject to the Act; (2) he may investigate any matters which he deems necessary or appropriate to determine whether any person has violated the Act or which may aid in the enforcement of the Act. In other words, I do not construe the phrase "subject to this Act [sections 201–219 of this title]" as a limitation on the power to investigate which is contained in the latter half of the sentence.

A logical line divides the two powers of investigation. The first power is apparently intended largely for statistical and informational purposes. Its object is knowledge, like that of much of the data gathered under the census, not law enforcement. It is, therefore, addressed to an "industry" and not to an "employer". The second power is designed to facilitate the enforcement of a law which necessarily requires on part of the government an intimate acquaintance with working conditions, wages and hours of employment in individual establishments. The power granted is as broad as the need. "To determine whether any person has violated any provision of this Act [sections 201–219 of this title]" it is no more requisite to know what wages he pays and what hours he keeps than to know whether he is engaged in commerce. There is nothing in section 11(a) to indicate a legislative intent that the Administrator may investigate concerning the former but that he must guess at the latter. Nor is there evident in the statute a purpose to divide an investigation into two distinct stages, one to ascertain the presence of "commerce" and the other, to determine other elements of violation of the law.

■ Since there is no limitation on the character of business done by the person investigated, it follows that the Administrator is not obliged, as a condition of obtaining an enforcement order of his subpoena, to make any showing that the respondent is engaged in commerce. Contra: General Tobacco & Grocery Co. v. Fleming, 6 Cir., 1942, 125 F.2d 596.

■ In so providing, Congress has not exceeded its powers. United States v. Darby, 1940, 312 U.S. 100, 125, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430.

No reported authority passing on the precise question here presented which supports the view taken herein has been

called to my attention.[1] Upon the argument counsel for the Administrator stated that the precise question was considered in Cudahy Packing Co. of Louisiana, Ltd., v. Fleming. However, neither the opinion of the Circuit Court of Appeals, 5 Cir., 1941, 119 F.2d 209, nor the opinion of the U. S. Supreme Court, reported sub nom., Cudahy Packing Co. of Louisiana, Ltd., v. Holland, 62 S.Ct. 651, 86 L.Ed. ——, decided March 2, 1942, makes any reference thereto.

The application is granted.

Submit order.

---

[1] In the following cases "commerce" was present. The effect of its absence was not discussed. Fleming v. Montgomery Ward & Co., Inc., 7 Cir., 1940, 114 F.2d 384, 391, certiorari denied 311 U. S. 690, 61 S.Ct. 71, 85 L.Ed. 446, "Since respondent is subject to the Act, the investigation is a lawful inquiry."

Fleming v. Cudahy Packing Co., Ltd., D.C.S.D.Cal.1941, 41 F.Supp. 910, 912: The respondent stipulated in open court that it was engaged in interstate commerce.