## WALLING v. MARTIN TYPEWRITER CO.

### Civil Action No. 122.

District Court, D. Maine, S.D.

Dec. 2, 1942.

Order Affirmed May 21, 1943.

Vernon C. Stoneman, Regional Atty. Dept. of Labor, of Boston, Mass., for petitioner.

Wilfred A. Hay, of Portland, Me., for respondent.

PETERS, District Judge.

This is a petition under the authority of the Fair Labor Standards Act of 1938 by the Administrator, Wage and Hour Division, U. S. Department of Labor, asking that an order be issued in support of a subpoena, duces tecum, served on the Martin Typewriter Company of Portland and ignored by it.

The petitioner alleges, "on information and belief", among other things, that the Typewriter Company is an employer in an industry buying and selling office machinery which, to some extent, is received from and sold and shipped to points without the State; having employees who are engaged in the production of goods for commerce.

The petitioner also alleges that, having reasonable grounds to believe that the company was violating the provisions of the Act referred to in respect of hours of work and the keeping of records (Sections 7(a) and 11(c), 29 U.S.C.A. §§ 207 (a), 211(c), he tried, through a representative, to make the inspection provided in Section 11(a) and has been prevented from doing so by the company which also refused to obey the subpoena to produce certain records specified therein relating to hours of work and the receipt and shipping of goods between October 1938 and February 1942.

A show cause order was issued, whereupon the company appeared and filed an "answer and motion to dismiss" wherein it is denied that the court has authority to issue an order to enforce the subpoena until it is shown that the company is engaged in commerce.

No objection is made to the scope of the subpoena, or to the relevancy of the data described therein. The sole question involved is whether, at this stage of the investigation by the administrator, under this Act, this proceeding should be halted and an order in aid of it held up until he proves by evidence in this court

that the company is not engaged solely in intrastate business, as asserted in the motion.

Affidavits have been filed to the effect that counsel for the respondent admitted in argument that "a very small percentage of the goods of his client, perhaps one or two percent, goes out of the state, but that he was basing his argument on the fact that the Martin Typewriter Company was a retail establishment and was entitled to the exemption contained in the Act for retail establishments."

The respondent would change the nature of the proceeding from a statutory investigation by an administrative agency, to a hearing, as in a law-suit, by tendering an issue to be decided by the Court, involving, of course, an interruption of the investigation for the production of evidence and the decision of the case.

The purpose of the investigation, in the first place, is to find out whether there has been a violation of law. If the Act is not applicable, as the respondent claims, there can be no violation, and, the administrator having so found, the matter will be ended.

If a violation is found, the alleged violator can have his day in court, on this issue, when the Court is asked to restrain violation by injunction or to enforce the penalty.

I find no provisions in the Act, or in the sections of the Federal Trade Commission Act, incorporated therein by reference, which contemplate any such hearing as the respondent would have at this stage of the investigation. Congress has seen fit to turn this matter over to an administrative agency, in pursuance of a policy adopted in recent years and now well established. The courts are given certain specific authority, which should not be enlarged by implication to interfere with the proper functioning of the administrative powers granted, as would be the case here if the procedure asked for by the respondent should be adopted. It is apparent, as suggested by counsel for the administrator, that if the investigation should be broken off, for this Court to decide issues of fact raised by the investigated party, the purposes of the Act would be largely nullified. The promptness and speedy result, sought by the setting up of the administrative machinery, would be eliminated, confusion and evasion result and the procedure changed into one much more burdensome to business than at present.

This is an application to enforce a subpœna in what appears on its face to be an authorized and orderly investigation, and I do not feel justified in turning it into a law-suit to decide a question which must be decided by the administrator in the course of his investigation, and which, if decided wrong, can be corrected later in a proceeding to enforce the orders of the administrator.

A different view has been taken by some other courts. General Tobacco & Grocery Co. v. Fleming, 6 Cir., 125 F.2d 596; Fleming v. Bank of America National Trust & Savings Association, D.C.N.D. Cal.[1]

I think, however, that I am in accord with the weight of authority. Perkins v. Endicott Johnson Corporation, 2 Cir., 128 F.2d 208, and cases cited therein.

An order will be issued to enforce the subpœna.

---

[1] No opinion for publication.