**Application of WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor. N. D. 154.**

District Court, D. New Jersey.

April 3, 1943.

Arthur E. Reyman, of New York City, Regional Atty., U. S. Dept. of Labor, for applicant.

Cole & Morrill, of Paterson, N. J. (Elisha Hanson, of Washington, D. C., of counsel), for respondent.

MEANEY, District Judge.

The question to be determined in this case is whether this Court should issue an order enforcing the subpoena duces tecum heretofore issued by the Administrator of the Wage and Hour Division of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., pursuant to Section 9 of the said Act. (In this opinion said Administrator shall be referred to as the Administrator, and said Act as the Act.)

The respondent herein is engaged in the business of publishing a newspaper in Paterson, New Jersey, within the jurisdiction of this Court, and refused permission to the agents of the Administrator to inspect its books and records, on the ground that its business was not subject to the provisions of the Act and that its employees were not affected by it.

The purpose of the requested inspection was to examine the records of the respondent to determine the hours worked by and the compensation received by its employees and to seek for possible violations of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

Upon the refusal of the respondent to permit any inspection of its books or records, the Administrator issued a subpoena duces tecum, requiring the respondent to appear before one of the officers of the Wage & Hour Division, United States Department of Labor and to produce all books and records concerning hours and wages of its employees from January 1, 1941, to the date of the subpoena, May 15, 1942, and also all records pertaining to sale, shipment, delivery or transportation by respondent of newspapers, books, periodicals or goods of any character between the same dates.

Upon advice of counsel, respondent failed to observe the requirements of the subpoena, whereupon the Administrator filed a petition requesting the issuance by this Court of an order to show cause why an order should not issue directing Respondent to comply with the requirements of the said subpoena. The order to show cause was issued and argument had thereon.

█ In an examination of the situation before the Court, the first matter that arises for settlement would seem to be whether in a proceeding such as the instant one, the respondent may raise the question of its coverage by the Act.

In its return to the order to show cause, respondent, along with certain objections to the constitutionality of the Act in its attempted application to a newspaper, in effect sets forth its claim that the Administrator is without jurisdiction over Respondent and that the Act does not apply to it.

The Administrator insists that the question of coverage may not be raised in opposition to the enforcement of the subpoena and insists that Congress by the enactment of the Act intended that the Administrator should have full power to administer its provisions and that all phases of its administration within the provisions of the Act were left to his judgment and not to the judgment of the Courts.

Relying on sections 9 and 11(a) of the Act, the Administrator insists that the issuance of the subpoena is in nowise dependent on proof of coverage and that under the broad provisions of section 11(a) he has power not only to investigate and gather data concerning pertinent matters in any industry subject to this Act, but that he may also issue administrative subpoenas and secure enforcement of them in this Court regardless of the question of coverage, since that issue is not a jurisdictional fact to be determined by the Court before such enforcement, but is initially for the Administrator to determine as a fact, binding on the Court.

Reliance is had in large part by the Administrator on the cases of Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208, affirmed by the United States Supreme Court in an opinion recently handed down by Mr. Justice Jackson, 63 S.Ct. 339, 87 L. Ed. ——, and upon Holland v. Standard Dredging Corp., D.C., 44 F.Supp. 601.

Careful analysis of the opinion of Justice Jackson in the Endicott Johnson case indicates a distinction between that case and the one at bar. In the Endicott Johnson case, the corporation had voluntarily entered into contracts with the Government, and the matter which the Secretary of Labor was investigating was an alleged violation of the Act on the part of those who had become subject to the provisions of the Act by their own choice. The Walsh-Healey Public Contracts Act, 41 U.S.C.A. §§ 35–45, provided a course of procedure during which the subpoena in question was issued. That Act provided that the Secretary was authorized to hold hearings "on complaint of a breach or violation of any representation or stipulation" and "to issue orders requiring the attendance and testimony of witnesses and the production of evidence under oath" and provided in case of refusal of any person to obey such an order that the District Court should have jurisdiction to order compliance with the direction of the Secretary.

No such procedure is outlined in the Fair Labor Standards Act.

In the Endicott Johnson Corporation case, the secretary in accordance with the provisions of the Walsh-Healey Public Contracts Act, instituted an administrative proceeding against the corporation, charging violation of the stipulations in the contract and in the course of the hearing, further provided for in the act, issued the subpoena the effect of which later was challenged.

In the instant case, the Administrator without complaint and simply in quest of information upon which to base proceedings, should they be justified, issued his subpoena directing the production of certain records, the examination of which might or might not disclose a violation. The suggestion has been made that to deny enforcement of a subpoena such as the one issued in the instant case would be to divide proceedings into two distinct stages—one concerning the presence of "Commerce", and the other to determine other elements of violation of the law.

There would seem to be no compelling reason why such should not be the case, for if the act does not apply to a certain business or part of an industry, it would seem to follow that the provisions of the Act should not be applied thereto; and to the objection that this course of procedure would lead to unwarranted delay in the carrying out of the Act, it would seem reasonable to suggest

that only in cases where doubt could exist, would such question as has been raised herein be the basis of objection, and should frivolous claims be made they could very easily be determined by the Court at the time of application for an order enforcing the terms of the subpoena.

The U. S. Supreme Court in the Endicott Johnson case [63 S.Ct. 340, 87 L.Ed. ——], above referred to, granted certiorari because "of the importance of the questions in the enforcement of the Act, and because of probable conflict with a holding of the Circuit Court of Appeals for the Sixth Circuit." Nowhere in the course of the opinion is there any rejection, specific or by patent implication, of the findings of the latter court as set forth in General Tobacco & Grocery Company v. Fleming, 6 Cir., 125 F.2d 596, 140 A.L.R. 783. The finding in the Endicott Johnson case relates strictly to the procedure under the Walsh-Healey Public Contracts Act, which differs specifically from the Fair Labor Standards Act of 1938.

The trend and tendency of the present day is to enlarge the functions of administrative bodies in order to carry out the purposes of social legislation. Commendable as this is, the functions of the Courts remain, and those functions are not merely to act as an adjunct of administrative bodies, but rather in such instances as have been categorically indicated by Congress to implement the operation of such bodies. Desirable as the contribution of experts to government is, there is no indication that Congress has as yet determined to substitute a government of mere expert opinion, for a government of law.

 The constitutional objections raised by Respondent include one which is based on the First Amendment, relative to abridgment of the freedom of the Press. No attempt to accomplish so reprehensible a purpose appears in this Act. Regulation of conditions under which a newspaper may be published, of itself, does not limit the freedom of the Press as envisaged in that salutary Amendment. The provisions of this Act relating to hours and wages of employees are not restrictions which might fairly be construed as violations of the newspaper's right to function as a medium for impartial distribution of the news.

There is no reason why provisions of law aiming at sensible amelioration of conditions of employment should be barred of extension to the field of newspaper publication on the spacious pretext of violating the Freedom of the Press. A newspaper is a business in addition to being a medium for dissemination of news and opinion, and as such is subject to the provisions of general laws of government. Associated Press v. Labor Board, 301 U.S. 103, 57 S.Ct. 650, 81 L.Ed. 953; Near v. Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357; Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949; Fleming v. Lowell Sun Co., D.C., 36 F.Supp. 320, reversed on other grounds, 1 Cir., 120 F.2d 213, affirmed Holland v. Lowell Sun Co., 315 U.S. 784, 62 S.Ct. 793, 86 L.Ed. 1190.

 As for respondent's contention that the provisions of the Fifth Amendment have been violated by the implications of the Act, there does not seem to the Court to be merit therein. The Supreme Court has repeatedly asserted that there is no requirement of uniformity in connection with the Commerce power, Clark Distilling Co. v. Western Maryland R. Co., 242 U.S. 311, 37 S.Ct. 180, 61 L.Ed. 326, L.R.A.1917B, 1218, Ann.Cas.1917B, 845; Florida Fruit & Produce v. United States, 5 Cir., 117 F. 2d 506. The Fifth Amendment has no equal protective clause Brushaber v. Union Pacific R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas. 1917B, 713. Steward Machine Co. v. Davis, 301 U.S. 548, at page 584, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293.

As to the insistment by the respondent that the Act violates the 4th Amendment to the Constitution, that situation is dependent on the determination hereinbefore made which obviates necessity for discussion.

In view of the foregoing, the order to show cause why an order directing respondent to appear before the Administrator's agent to produce evidence as set forth in the subpoena, is dismissed.

Since the Administrator has not had opportunity sufficiently to argue the question of coverage, that matter is left to such further proceedings as may be appropriate in the premises.

Let an order be entered in accordance herewith.