918

Charles Recht and Paul J. Kern, both of New York City, and R. A. Baker, of Jacksonville, Fla., for appellants.

Wm. M. Taliaferro, of Tampa, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The appeal is from a final decree dismissing a libel by which appellants sought possession of the "S. S. Kotkas", also known as the "Farida". Upon dismissal of the libel the ship was released to its Master. Appeal was taken without the filing of a supersedeas bond, and it appears that the vessel is now beyond the territorial jurisdiction of the court. There is now no subject-matter upon which the judgment of this Court could operate to give relief to appellant. The case is, therefore, dismissed; appellant to pay costs. Canal Steel Works, Inc. v. One Drag Line Dredge, 5 Cir., 48 F.2d 212, 213. Appellant contends, however, that the libel was not only in rem but also in personam, against the Master, and that the court did not lose jurisdiction by departure of the res. A review of the record discloses no personal service upon the Master. Cf. The Florida, 5 Cir., 133 F.2d 719.

Appeal dismissed.

Abraham Breitbard, of Portland, Me. (Wilfred A. Hay, of Portland, Me., of counsel), for appellant.

Morton Liftin, of Washington, D. C. (Bessie Margolin, of Washington, D. C., Vernon C. Stoneman, of Boston, Mass., and Irving J. Levy, Acting Sol., and Morton H. Rowen, Atty., United States Department of Labor, of Washington, D. C., of counsel), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and WYZANSKI, District Judge.

PER CURIAM.

The appellee, alleging on information and belief that the appellant was engaged "in the business of producing goods for interstate commerce, and engaged in interstate commerce", applied to the court below for an order requiring the appellant to appear and show cause why an order should not issue requiring it to comply with subpoena duces tecum which the appellee had prepared and served on the appellant but which it had ignored. The court issued the order to show cause and the appellant answered and moved to dismiss alleging that it was a "retail and servicing establishment, the greater part of whose selling and servicing is in intrastate commerce", and that therefore it was not subject to the provisions of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. It did not put in issue the scope of the subpoena or the relevancy of the data therein described. The court, after hearing, ordered the ap-

MARTIN TYPEWRITER CO. v. WALLING, Adm'r of Wage and Hour Division, Dept. of Labor.

No. 3878.

Circuit Court of Appeals, First Circuit.

May 21, 1943.

pellant to comply with the subpoena and set the time and place for its appearance with the books and records described, saying in the course of its memorandum opinion (D.C., 48 F.Supp. 751, 752): "This is an application to enforce a subpoena in what appears on its face to be an authorized and orderly investigation, and I do not feel justified in turning it into a lawsuit to decide a question which must be decided by the administrator in the course of his investigation, and which, if decided wrong, can be corrected later in a proceeding to enforce the orders of the administrator."

We are of the opinion that the order of the district court must be sustained on the authority of Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L. Ed. ——. See, also, Walling v. Standard Dredging Corp., 2 Cir., 132 F.2d 322.

The order of the District Court is affirmed.

set aside the judgment and sentence. The contentions he makes upon this appeal are the same made in his application for writ of habeas corpus, which was denied by the trial court, and the order of denial affirmed in this court in Kelly v. Johnston, 9 Cir., 128 F.2d 793. In that action he was represented by counsel appointed by the lower court who also appeared upon appeal in this court.

The appellant has filed an extensive brief citing many authorities which can be considered when the matter comes regularly on for hearing. It seems entirely unnecessary to place the burden of presenting this matter on an attorney acting without compensation.

Application denied.

## KELLY v. UNITED STATES.
### No. 10426.

Circuit Court of Appeals, Ninth Circuit.

May 25, 1943.

Harry C. Kelly, in pro. per.

No other appearances were entered.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant, Harry C. Kelly, has requested the court to appoint an attorney to represent him on his appeal in forma pauperis from a denial of his motion to vacate and

## BOICE v. BOICE et al.
### No. 8270.

Circuit Court of Appeals, Third Circuit.

Argued May 6, 1943.

Decided May 20, 1943.

Charles S. Barrett, Jr., of Newark, N. J. (Lum, Fairlie & Wachenfeld, of Newark, N. J., on the brief), for appellant.

Milton M. Unger and John J. Francis, both of Newark, N. J. (Foley & Francis, and Gerald T. Foley, all of Newark, N. J.,