**WALLING, Adm'r of Wage and Hour Division, United States Department of Labor,
v. BENSON et al.**

No. 12534.

Circuit Court of Appeals, Eighth Circuit.

Aug. 13, 1943.

Rehearing Denied. Sept. 9, 1943.

502

Peter Seitz, Principal Atty., United States Department of Labor, of Washington, D. C. (Irving J. Levy, Acting Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., Kenneth P. Montgomery, Regional Atty., of Kansas City, Mo., and Morton Liftin, Atty., United States Department of Labor, of Washington, D. C., on the brief), for appellant.

Edward W. Tobin, of St. Louis, Mo. (Roscoe Anderson and William R. Gilbert, both of St. Louis, Mo., on the brief), for appellees.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

JOHNSEN, Circuit Judge.

Does the Administrator of the Wage and Hour Division have an absolute right to a compliance order from the district court, for the enforcement of an investigatory subpoena duces tecum, under sections 9 and 11(a) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., without regard to whether the business involved actually is under the Act or whether reasonable ground exists for believing that it is subject to the Act?

The question arises in an appeal taken by the Administrator from an order of the district court denying his application for such a compliance order against appellees, described in the application as being copartners "engaged in the practice of public accounting at 711 St. Charles Street, St. Louis, Missouri." The application did not allege, nor set forth any facts indicating, that appellees or any of their employees were engaged in interstate commerce or in the production of goods for interstate commerce, nor did it contain any allegation that the Administrator had reasonable ground to believe that this was the fact, and, on the hearing on appellees' motion to dismiss, the Administrator apparently did not offer to make any showing of any nature.

None of our previous decisions directly answers the question here. In Cudahy Packing Co. v. Fleming, 8 Cir., 122 F.2d 1005,[1] we held that where some phase of the general business conducted by an employer was admitted to be subject to the

Fair Labor Standards Act, the Administrator, without further showing as to coverage, was entitled to a compliance order for the enforcement of a relevant and reasonable investigatory subpoena duces tecum for the business as a whole, even though it was being conducted in a number of separate plants. In that case, the employer operated two meat-packing plants in the State of Minnesota, one of which was admitted to be engaged in interstate commerce, but the other of which was claimed to be engaged in intrastate business only. We regarded the fact that part of the employer's business was admittedly subject to the Act as a sufficient warrant for judicial aid in enforcing an investigatory subpoena duces tecum for the business as a whole, to enable the Administrator to determine the exact extent of the subject operations and employee-coverage in the entire industry, including the relationships between the several plants.

We have thus recognized that the question of actual coverage under the Act, as to particular employees, business-departments, or plant-units, in an industry sought to be investigated by the Administrator, is not a matter which the employer is entitled to have formally tried out and adjudicated in the district court on an application to enforce an investigatory subpoena, where reasonable ground appears to exist for making the investigation. As indicated above, the fact in that case that part of the industry was admitted to be subject to the Act constituted, in our opinion, sufficient reasonable ground for an investigation of the business as a whole and the relation of all its operations to the Act. 122 F.2d at page 1009.

The Administrator argues that the Cudahy Packing Co. case is determinative of his right to a compliance order here, while appellees attempt to distinguish that case from the present situation on the ground that there is no admission here that any part of the employer's business is subject to the Act, nor has the Administrator alleged or offered to prove that such is the fact.

We think the principle applied by us in the Cudahy Packing Co. case is controlling here, but its reaches do not extend as far as either the Administrator or appellees antithetically contend. The implication of that decision simply is, as we have

---

[1] Reversed on another ground, sub nom. Cudahy Packing Co. v. Holland, 315 U.S. 785, 62 S.Ct. 803, 86 L.Ed. 1191.

attempted to indicate above, that, in order to be entitled to a compliance order from the district court for the enforcement of an investigatory subpoena, the Administrator is only required to satisfy the court of the existence of reasonable ground for making the investigation, i.e. reasonable ground to believe that the industry is subject to the Act, and not to make proof of actual coverage under the Act, nor is the employer entitled to a trial and adjudication of the question of coverage on such an application.[2]

Thus, while it is our view that the employer is not entitled to a trial and adjudication of the question of coverage on the Administrator's application to enforce an investigatory subpoena, and that the Administrator is not required to make proof of actual coverage as a basis for judicial aid in its enforcement, we believe that the district court is entitled to the assurance that it is not giving judicial sanction and force to unwarranted or arbitrary action, but that reasonable ground exists for making the investigation. Judicial enforcement necessarily is the exercise of judicial power, and judicial function can never wholly escape the test of judicial responsibility.

 The sound test of judicial responsibility is not, of course, its lavishness of concern, but its measured adherence to the actual legal need of, and its authority in, the situation with which it is required to deal. Over-responsibility may be as much an abuse of judicial power and function as irresponsibility. And in the collaboration of judicial power and function with administrative process,—which is a necessary part of the legal system of today —the courts must conscientiously guard against any instinct of over-protectiveness, which may unwarrantedly and needlessly impede proper administrative effort or result. In a field of declared public interest, —such as the Fair Labor Standards Act clearly is—the courts must give full, facilitating co-operation to the exercise of authorized administrative powers and duties, if no possible threat to fundamental rights

---

[2] Walling v. Standard Dredging Corp., 2 Cir., 132 F.2d 322, affirming Application of Holland, D.C.S.D.N.Y., 44 F.Supp. 601, and Martin Typewriter Co. v. Walling, 1 Cir., 135 F.2d 918, affirming Walling v. Martin Typewriter Co., D.C.Me., 48 F. Supp. 751, hold that the question of whether an industry actually is subject to the Act is not a proper issue for judicial determination on the Administrator's application to enforce an investigatory subpoena. General Tobacco & Grocery Co. v. Fleming, 6 Cir., 125 F.2d 596, 140 A.L.R. 783, and Application of Walling, D.C.N.J., 49 F.Supp. 659, take the contrary view and hold that the employer is entitled to a trial in the district court upon the issue of actual coverage, in connection with such an application.

The question has not been specifically passed upon by the Supreme Court in relation to the Fair Labor Standards Act. In Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. ——, it was held that an industry which had voluntarily subjected itself to the authority of the Secretary of Labor under the Walsh-Healey Act, 49 Stat. 2036, 41 U.S.C.A. §§ 35–45, by seeking to obtain public contracts, was not entitled to a trial in the district court of the question of coverage, on an application to enforce a subpoena for the production of evidence in connection with a hearing before the Secretary on an issue of violation of the Act. The court had granted certiorari in that case because of a probable conflict between the decision of the Second Circuit Court of Appeals in the Endicott Johnson Corp. case, 128 F.2d 208, and the decision of the Sixth Circuit Court of Appeals in the General Tobacco & Grocery Co. case, supra. See 317 U.S. 501, 502, 63 S.Ct. at page 340, 87 L.Ed. ——. The opinion, however, did not attempt to discuss the question of any conflict between the two decisions, presumably because different statutes were involved in the two cases. While the court thus did not expressly disapprove (nor, of course, approve) the General Tobacco & Grocery Co. decision, its expressions have been accepted in some of the cases cited above as clearly pointing the way on the question, and we think soundly so. Strictly speaking, however, as heretofore indicated, the subpoena in the Endicott Johnson Corp. case was for the purpose of compelling the production of evidence on a hearing to be held before the Secretary of Labor on alleged violations of the Walsh-Healey Act, and the court regarded coverage and violation as both being issues which, for the purposes of the Act, had been committed exclusively to the Secretary's jurisdiction on such a hearing. The opinion says, 317 U.S. 501, 509, 63 S.Ct. at page 343, 87 L. Ed. ——: "The evidence sought by the subpoena was not plainly incompetent or irrelevant to any lawful purpose of the Secretary in the discharge of her duties under the Act, and it was the duty of the District Court to order its production for the Secretary's consideration."

and concepts is involved. But, in their desire to measure up to this obligation, they must not sweep aside the fundamental and inherent concept that a judicial responsibility is owing for any judicial function that they are called upon to perform—a responsibility that necessarily must soundly cover (but not attempt to extend beyond) the scope of the required function.

Where courts have been called upon to review administrative orders in the past, they have customarily required that the order sufficiently disclose the basis of the action to satisfy them that there has been a compliance with the express and implied conditions underlying the exercise of the power.[3] This has been a sound means of testing and insuring the responsibility of administrative action,[4] and doubtlessly of helping to win public acceptance for the processes of administrative law. In the present situation, the judicial function involved, of course, is not to review a formal order, but to enforce an investigatory subpoena. The extent of the relevant inquiry and the measure of the responsibility involved are thus necessarily somewhat different, but the issuance of the enforcement order still implies a judicial sanction and confirmation of the purpose and scope of the Administrator's investigatory action, and the court therefore analogously is entitled to know that a proper basis exists for the action.

The Administrator argues that section 11(a) of the Act[5] gives him a plenary power to make any investigations "which may aid in the enforcement of the provisions of this Act." But the intended scope of the Administrator's powers under this general language must be read in conjunction with and subordinately to what Congress has itself declared to be the purpose and policy of the Act. That purpose and policy are declared in the Act to be to reach into and correct labor standards and conditions in industries engaged in interstate commerce or in the production of goods for interstate commerce.[6] The subpoena power of the Administrator is an auxiliary to this reach and to this reach only. Congress clearly intended to allow the Administrator to traverse the terrain of the Act and to see that no subject industry was allowed to remain outside its boundaries. But, if it was intended to be implied that the Administrator should have the power also to make an investigation, through subpoena, of every industry in the country, regardless of whether it had even a probable or apparent relationship to the Act, the statute would in our opinion be going beyond any previous implied grant of administrative authority. It would require more explicit and unmistakable language than is contained in the present Act to induce us to believe "that Congress intended to authorize one of its subordinate agencies to sweep all our traditions into the fire."[7] Whether Congress could have conferred such sweeping subpoena powers upon the Administrator if it had desired to do so, there is no occasion for us here to consider. As the language of the Act stands, we are of the opinion that the Administrator is not entitled to an order for the enforcement of an investigatory subpoena as to any industry which he knows is wholly outside the coverage of the Act or as to which he has no reasonable ground to believe that it is subject to the Act.

By reasonable ground to believe that an

[3] See Twin City Milk Producers Ass'n v. McNutt, 8 Cir., 122 F.2d 564, 566, 567, and cases cited.

[4] "We do not intend to enter the province that belongs to the Board, nor do we do so. All we ask of the Board is to give clear indication that it has exercised the discretion with which Congress has empowered it. This is to affirm most emphatically the authority of the Board." Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 197, 61 S.Ct. 845, 854, 85 L.Ed. 1271, 133 A.L.R. 1217.

[5] 52 Stat. 1066, 29 U.S.C.A. § 211(a).

[6] Section 2 of the Fair Labor Standards Act, 52 Stat. 1060, 29 U.S.C.A. § 202.

[7] Per Mr. Justice Holmes in Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 305, 44 S.Ct. 336, 337, 68 L.Ed. 696, 32 A.L.R. 786. Mr. Justice Holmes took the view in a number of cases that a grant of investigatory subpoena power should not be construed to extend beyond the explicit and unmistakable language used in the statute. See Federal Trade Commission v. American Tobacco Co., supra; Harriman v. Interstate Commerce Commission, 211 U.S. 407, 421, 29 S.Ct. 115, 53 L.Ed. 253. In Cudahy Packing Co. v. Holland, 315 U.S. 357, 364, 62 S.Ct. 651, 655, 86 L.Ed. 895, the court similarly recognized that a grant of subpoena power should be fairly strictly construed, and held that there was no implied authority under the Fair Labor Standards Act for the Administrator to delegate his power to issue and sign subpoenas to any administrative assistant or subordinate.

industry is subject to the Act, we mean that which would be equivalent relatively, in the nature and circumstances of the situation, to what in other legal situations is referred to as probable cause.[8] For investigatory purposes under the Act, it would amount simply to a justifiable basis for believing that a certain state of facts probably exists, derived from reasonable inquiry or other credible information. As applied to the immediate situation, it would be such facts or information as reasonably would lead the Administrator to believe that appellees' business, in some phase, was apparently and probably subject to the Act.[9]

To require the Administrator to satisfy the district court that he has reasonable ground to believe that the industry sought to be investigated is subject to the Act, as a basis for the issuance of a subpoena enforcement order, is not an impeding of sound investigatory effort. The obtaining of sufficient general information to indicate whether an industry is, in any aspect of its business, apparently and probably engaged in interstate commerce or in the production of goods for interstate commerce certainly does not itself depend upon the use of a subpoena power, for the general nature of a business cannot be that closely concealed. In any event, the law cannot sacrifice responsibility of action for mere ease in its performance.

■ What the extent of the showing of reasonable ground to believe that an industry is subject to the Act should be in an individual case must necessarily and fundamentally be left to the sound discretion and judgment of the district court. All that need be emphasized here is that it must soundly be borne in mind that it is a showing of reasonable ground to believe, and not an issue of actual coverage, that is involved.

■ We may further add, so that the question will be settled when the cause is remanded to the district court, that to require an employer to produce relevant business records, such as are here involved, under reasonable conditions, upon reasonable ground to believe that his business is subject to the Fair Labor Standards Act, for the purpose of enabling the Administrator, in the public interest, to determine the fact and scope of actual coverage, cannot of itself be claimed to constitute a violation of the Fourth Amendment.[10] Even the supremely sacred right of personal liberty may be subjected to the reasonable domination of probable cause.

The order of the district court, denying the enforcement application here, was based upon the lack of any allegation or offer to make proof of coverage on the part of the Administrator. Since the matter was thus determined upon an improper issue or basis, the order will be reversed and the cause remanded for further proceedings in harmony with this opinion. The Administrator should be given leave to amend his application, if he can and wishes to do so, to allege that he has reasonable ground to believe that ap-

---

[8] In Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 697, 53 S.Ct. 736, 739, 77 L.Ed. 1449, 88 A.L.R. 496, Mr. Justice Cardozo uses the expression "good faith and probable cause" in relation to the right to a bill of discovery.

[9] None of the cases under the Fair Labor Standards Act cited in footnote 2, supra, dealing with the question of whether the Administrator is required to prove actual coverage as a basis for a subpoena-enforcement order, discuss the question of reasonable ground to believe. The question is touched upon incidentally in the opinion in Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208, 225, 226, but not decided. Securities and Exchange Commission v. Tung Corp., D.C.N.D.Ill., 32 F.Supp. 371, 375, holds that a showing of reasonable ground to believe is a prerequisite to a subpoena-enforcement order, while Walling v. W. G. Golebiewski, Inc., D.C.W.D.N.Y., 47 F.Supp. 448, 450, declares that an allegation of reasonable cause to believe, in the application. is sufficient. Fleming v. Montgomery Ward & Co., Inc., 7 Cir., 114 F.2d 384, 390, 391, certiorari denied 311 U.S. 690, 61 S.Ct. 71, 85 L.Ed. 446, holds that, where an industry is subject to the Act, the Administrator is not required to show "any preexisting probable cause for believing that there has been a violation of the law." We are in accord, as we have indicated in Cudahy Packing Co. v. Fleming, supra, 8 Cir., 122 F.2d 1005, that, where an industry is subject to the Act, this clearly is a sufficient legal basis for a full, reasonable investigation by the Administrator of its operations and the activities of its employees, without regard to whether there has been any actual or probable violation of the provisions of the Act.

[10] See Cudahy Packing Co. v. Fleming, 8 Cir., 122 F.2d 1005, 1009, and cases cited.

pellees' business is subject to the Act, as a basis for any showing that he is able and may desire to make on the further hearing in the district court.

Reversed and remanded with directions.