WALLING, Adm'r of Wage and Hour Division, U. S. Department of Labor, v. DETWEILER BROS., Inc.

No. 2301.

District Court, D. Idaho, S. D.

Dec. 29, 1944.

Douglas B. Maggs and Archibald Cox, both of Washington, D. C., Dorothy M. Williams, of San Francisco, Cal., and Karl M. Rodman, of Portland, Ore., for petitioner.

Parry & Thoman, of Twin Falls, Idaho, for respondent.

CLARK, District Judge.

This matter is before the Court on the petition of L. Metcalf Walling, Administrator of the Wage and Hour Division, United States Department of Labor, pursuant to the provisions of the Fair Labor Standards Act of 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201, et seq., applying to the Court for an order directing Detweiler Brothers Incorporated, respondent herein, to appear before the Administrator or his representative and produce documentary evidence and give testimony as required by a subpoena duces tecum issued by the Administrator on the 17th day of July 1944.

Order to show cause was issued by this Court and at the time and place fixed by said order, the respondent appeared and answered the application and denied that the Administrator or his designated representative is empowered to enter and inspect its records or their place of business or that the Administrator has power to issue and cause to be served upon respondent a subpoena requiring the attendance and testimony of witnesses and the production of all documentary evidence relating to its business, for the reason that it is a retail establishment and all the services performed by it are solely within the State of Idaho.

On the date of the hearing on the order to show cause, the respondent filed a positive affidavit and later filed a supplemental affidavit, positively stating that they are a retail establishment and not within the Act, doing business solely within the State of Idaho. The affidavit of the Administrator is on information and belief. The weight of the affidavits are in favor of the respondent as its affidavits are positive and the affidavit of the Administrator, as hereinbefore stated, is on information and belief.

The Administrator contends that regardless of the fact that the respondent claims its establishment is one that is exempt as a retail establishment within the meaning of the Fair Labor Standards Act, that this is not an issue in the present hearing and that all that is required of the Administrator is to inform the Court, on information and belief that he has reason to believe that the respondent is within the Act, and that the Court has no discretion in the matter but to issue the order re-

202

quiring the respondent to obey the subpoena of the Administrator.

The question, stated in a more concrete form, is whether or not the Administrator has the absolute right to examine the books and records in question so that it can be determined whether there is a violation of the Fair Labor Standards Act.

The great weight of authority answers this in the affirmative. There is some authority that takes a contrary view. The Ninth Circuit Court of Appeals has not passed upon the question. However, the Supreme Court of the United States in the case of Endicott Johnson Corporation v. Perkins, Secretary of Labor, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424, seems to be controlling on this question and has been cited as controlling by the Circuit Court of Appeals of the First Circuit in the case of Martin Typewriter Co. v. Walling, 1 Cir., 135 F.2d 918.

In the Endicott Johnson Corporation v. Perkins case [317 U.S. 501, 63 S.Ct. 343] (supra) referring to the powers of the Secretary of Labor the Court said: * * * The evidence sought by the subpoena was not plainly incompetent or irrelevant to any lawful purpose of the Secretary in the discharge of her duties under the Act, and it was the duty of the District Court to order its production for the Secretary's consideration."

Counsel for respondent asks why is it necessary for the Administrator to apply to the Federal Court for an enforcement order if the Court is without authority or power to hear the matter and determine whether or not the respondent is covered by the Act? For what purpose did Congress provide that jurisdiction is conferred on the District Courts of the United States to act on the petition of the Administrator to require obedience of his subpoena?

After a careful study of the case of Endicott Johnson Corporation v. Perkins, supra (in that no other remedy is provided the Administrator to enforce his subpoena), I am convinced the only purpose of the hearing before this Court is to obtain an order, the disobedience of which would place the respondent in contempt of this Court's authority, and it is the conclusion of this Court that such an order should issue.

The order will be prepared by the attorneys for the petitioner in accordance with this opinion, a copy to be served on counsel for respondent. The original will be submitted to the Court for approval.