UNITED STATES of America, Petitioner,

v.

C. & V. POULTRY, Inc., and Vivian Rubin, its President, Respondents.

Misc. No. 1975.

United States District Court
E. D. New York.

June 2, 1955.

Leonard P. Moore, U. S. Atty., Brooklyn, Harry C. Fischer, Asst. U. S. Atty., Washington, D. C., John L. Currin, Atty., U. S. Dept. of Agriculture, Washington, D. C., for the United States.

Bernhardt, Sahn, Shapiro & Epstein, New York City, for respondents, Milton E. Sahn, New York City, of counsel.

GALSTON, District Judge.

This action seeks the enforcement of a subpoena duces tecum, issued on December 10, 1954 by an Assistant Secretary of Agriculture, pursuant to sec. 402 of the Act, 7 U.S.C.A. § 222 requiring the respondent, Vivian Rubin, president of the respondent, C. & V. Poultry, Inc., to produce certain documentary evidence on January 4, 1955, relating to the live poultry business activities of that company in the area of New York City during the period from December 1, 1953 through November 30, 1954, together with the capital stock records of the company and the minutes of its official meetings from April 10, 1952 through December 31, 1954. The subpoena was served upon the respondents, but they failed to produce documentary evidence in accordance with the terms of the subpoena.

This petition, therefore, seeks an order requiring the respondents to comply with the subpoena duces tecum.

The petition is opposed, and the affidavit of Vivian Rubin filed in opposition. In this affidavit the affiant says that the corporation has been inactive since November, 1954, has liquidated its assets and has instructed its accountant to prepare its final tax returns prior to instituting proceedings to dissolve. It is also alleged that on January 4, 1955 Rubin appeared at the office of the Department of Agriculture at New York City and refused to produce its records for examination and copying, claiming, among other things, that the Secretary was without power to issue the subpoena; that there was no pending proceeding against the respondent at the time of the issuance and service of the subpoena, and that the requirements of the subpoena were so broad in scope as to be unreasonable.

The corporation was not licensed by the Secretary of Agriculture, but it is not contested that the stated purposes of this corporation included the carrying on of a live poultry business.

The Act, in sec. 222 of Title 7 U.S.C.A., provides that for the efficient execution of the provision of the Act the provisions of secs. 46 and 48–50 of Title 15 are made applicable to the jurisdiction, powers and duties of the Secretary in enforcing the provisions of the Act. Sec. 49 of Title 15 U.S.C.A., provides that:

"The commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

It is pursuant to the powers thus vested in the Federal Trade Commission, and

by reference to the Secretary of Agriculture, that the subpoena duces tecum in the instant proceeding was issued. The same question was carefully considered in United States v. Woerth, D.C. N.D.Iowa, 130 F.Supp. 930 by Judge Graven. He held 'that the subpoena duces tecum was valid and should be enforced.

It must be observed that the general tendency of the law is, and indeed should be, in aid of administrative bodies. It is true that the rules and regulations established by such administrative agencies must be within the framework of the statutes which created them. In the present case, it is difficult to see how the duties of the Secretary of Agriculture under this Act could effectively be carried out unless power were found to investigate those who are carrying on businesses which the Act itself seeks to regulate. The question is not a novel one; see Endicott Johnson Corporation v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; President of United States v. Skeen, 5 Cir., 118 F.2d 58; Cudahy Packing Co. v. Fleming, 8 Cir., 122 F.2d 1005, reversed on another ground, sub nom. Cudahy Packing Co. v. Holland, 315 U.S. 785, 62 S.Ct. 803, 86 L.Ed. 1191; and Walling v. Benson, 8 Cir., 137 F.2d 501, 149 A.L.R. 186, certiorari denied 320 U.S. 791, 64 S.Ct. 206, 88 L.Ed. 476.

■ So the conclusion must be reached that the Secretary did have the right under the Act to issue the subpoena, even though the person was not a licensee under the Act, and even though there was no actual hearing pending.

The contention that the subpoena amounts to an unreasonable search and seizure is wholly without merit. In McMann v. Securities and Exchange Commission, 2 Cir., 87 F.2d 377, 379, 109 A.L.R. 1445, Judge Learned Hand said:

"No doubt a subpoena may be so onerous as to constitute an unreasonable search. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696 * * *. Even then, the sanction is unobjectionable, unlike a descent upon one's dwelling or the seizure of one's papers; the search is 'unreasonable' only because it is out of proportion to the end sought, as when the person served is required to fetch all his books at once to an exploratory investigation whose purposes and limits can be determined only as it proceeds. The investigation at bar was no such 'fishing excursion,' * * *. The documents demanded were few and their production did not interfere with the business of Engel & Company. There was no oppression, or evidence of any other motive than a lawful investigation. Unless such subpoenas are valid, it is impossible to see how the statutes can be enforced at all, or how any wrongdoer can be brought to book."

■ Finally it must be observed that though there is an assertion that the business is no longer in active status, nevertheless the business has not been liquidated, and indeed it is well within the authority of the Secretary to examine into its past history to determine whether violations of the Act have been committed.

The motion is accordingly granted, and the respondents are directed to comply with the terms of the subpoena duces tecum.

Settle order.